UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-295-RJC
(3:08-cr-112-RJC)

| | |
|---|---|
| VICTOR DOMINGO AMASHTA ABUSADA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); the Government's Motion for Summary Judgment, (Doc. No. 12); and Petitioner's responses (Doc. Nos. 16, 20). For the reasons that follow, the Government's motion will be granted and Petitioner's § 2255 motion will be denied and dismissed.

**I. BACKGROUND**

A. Criminal Complaint

On May 5, 2008, a criminal complaint was filed against Petitioner. (Case No. 3:08-cr-112, Doc. No. 1). The complaint alleged that he used a passport obtained by false statements and represented of himself as a citizen of the United States, all in violation of 18 U.S.C. §§ 1542 and 911. (Id.). Petitioner made his initial appearance before a magistrate judge on May 7, 2008, with appointed counsel. During the hearing, the magistrate judge advised Petitioner of the pending charge against him and the maximum penalty upon conviction. Petitioner was ordered detained

1

after the Government noted there was a detainer placed against him by Immigration and Customs Enforcement.

B. Indictment

On May 29, 2008, Petitioner was indicted by a grand jury for the knowing use of a passport that was secured by reason of a false statement, in violation of 18 U.S.C. § 1542, (Count One); falsely and willfully representing himself as a citizen of the United States, in violation of 18 U.S.C. § 911, (Count Two); knowingly using, without lawful authority, the identification of another person, during and in relation to his false representation of United States citizenship, in violation of 18 U.S.C. § 1028A(a)(1), (Count Three); and knowingly reentering the United States, without express permission, after having been deported following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2), (Count Four). (Id., Doc. No. 8: Indictment).

C. Plea Agreement

On or about July 30, 2008, Petitioner, through counsel, entered into a plea agreement with the Government. (Id., Doc. No. 12: Plea Agreement). Petitioner agreed to plead guilty to Counts Two and Four in exchange for the Government's agreement to dismiss Counts One and Three. The plea agreement detailed the maximum penalties of a $250,000 fine and three years' imprisonment, (Count Two) and a $250,000 fine and twenty years' imprisonment, (Count Four). The plea agreement also explained that by pleading guilty, Petitioner waived his right to a jury trial, to be assisted by an attorney at trial, and to confront and cross-examine witnesses. In addition, the plea agreement included Petitioner's stipulation that the Presentence Report ("PSR") would contain a factual basis to support his pleas of guilty.

D. Plea and Rule 11 Hearing

On August 7, 2008, Petitioner appeared with counsel for his plea and Rule 11 hearing. Petitioner was placed under oath and agreed to provide truthful answers to questions asked. (Id., Doc. No. 32: Plea Hr'g Tr. at 1). Petitioner acknowledged that after consulting with his attorney he wished to enter guilty pleas to Counts Two and Four. (Id. at 3). Petitioner then interrupted and expressed his desire to discuss the sixteen-level enhancement under the Guidelines for reentry after being convicted of an aggravated felony. (Id. at 4).

Counsel explained that there was no agreement between Petitioner and the Government with regard to this enhancement, and noted that the only agreement was that Petitioner would plead guilty in exchange for the dismissal of Counts One and Three. Petitioner argued that the enhancement was unfair and that he did not agree to its application in his case. (Id. at 4-6). The Court explained that it did not appear the Government would retreat from its position that the sixteen-level enhancement under the Guidelines was applicable. The Government asserted that "we will not agree that the sixteen level does not apply. And quite frankly, the government will pursue a sixteen-level enhancement." (Id. at 15-16). Counsel stated that the defense would argue for the application of only an eight-level enhancement. After some consideration, Petitioner indicated that he wished to proceed with the Rule 11 hearing and to enter guilty to pleas to Counts Two and Four according to the plea agreement. (Id. at 19).

The Court then reviewed the elements and maximum penalties of Counts Two and Four. (Id. at 20-21). Petitioner acknowledged that he understood the charges and the maximum penalties and that reserved his right to seek the eight-level enhancement rather the sixteen-level enhancement that was recommended by the Government. (Id. at 21). Petitioner affirmed that he had discussed the application of the Guidelines and how they might apply to his case; that

3

understood the Guidelines were advisory; and that he might receive a sentence that was either lower or higher than that which was called for by the Guidelines. (Id. at 22).

The Court next inquired whether Petitioner would be deported after the end of his sentence, and his attorney confirmed the fact of his deportation. (Id. at 23). Petitioner explained his understanding that he would be deported, but stated that he planned to fight deportation because his daughters were from the United States. (Id.). Petitioner stated that understood that by pleading guilty he was waiving his right to contest the charges through a jury trial and to have the Government prove his guilt beyond a reasonable doubt. (Id. at 24). Petitioner agreed that he was waiving his right to appeal his convictions or sentence, or attack them collaterally, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 26). Finally, Petitioner acknowledged that he signed the plea agreement; that no one had promised him anything not contained within the agreement; that no one had threatened him to enter into the plea agreement; that he had sufficient time to discuss possible defenses to the charges; that he was satisfied with the services of his attorney; and that he was pleading guilty to Counts Two and Four because he was in fact guilty of those charges. (Id. at 26-27). The Court then accepted Petitioner's pleas, finding that they were knowingly and voluntarily made. (Id. at 29; Doc. No. 13: Entry and Acceptance of Guilty Plea).

E. Sentencing

On November 12, 2008, Petitioner appeared with counsel for his sentencing hearing. The Court confirmed Petitioner's entry of guilty pleas before the magistrate judge were knowing and voluntary. (Id., Doc. No. 34: Sent. Hr'g Tr. at 1-2). The Government stipulated to the facts as set forth in the PSR, and the Petitioner so stipulated, subject to written objections he filed. (Id. at 2-3). The Court found that a factual basis supported Petitioner's entry of his pleas of guilty to

4

Counts Two and Four and accepted the pleas. (Id. at 3).

Petitioner's attorney addressed the written objection he filed to the sixteen-level enhancement and contended that Petitioner did not believe that he had a qualifying drug trafficking conviction. (Id. at 4). The PSR identified two prior convictions, both sustained in Georgia. The first conviction was a state conviction for possession of cocaine with intent to distribute in 1983, for which Petitioner was sentenced to a term of 10 years, with five years active incarceration and five years of probation. Petitioner was released from custody on this conviction on November 10, 1985, although his probation was soon revoked and he served more than two additional years. (Id., Doc. No. 16: PSR ¶ 26). The second conviction identified by the PSR was a federal conviction for possession with intent to distribute cocaine sustained in 1986; Petitioner was sentenced to ten years' imprisonment. He served four years and was released in 1990 and deported. (Id. ¶ 27). The Court overruled Petitioner's objection and found that the convictions qualified under USSG §2L1.2(b)(1)(a). (Id., Doc. No. 34: Sent. Hr'g Tr. at 5-6). No other objections to the PSR were made, and the Court found that Petitioner's total offense level was 21 and criminal history category was I, resulting in an advisory guideline range of 37 to 46 months. (Id. at 6).

The Court then heard from Petitioner's counsel on his motion for a variance from the Guidelines range. Counsel noted that Petitioner earned a degree from the University of Alabama, and that he had been in this country, off and on, since 1970. (Id. at 7). Petitioner was married in the United States and had two daughters and a niece that still resided in this county. (Id.). Counsel emphasized that after Petitioner was deported in 1990, his wife and two daughters moved to Columbia to join him. (Id. at 8). However, his family had little experience in that culture and soon moved back to the United States. (Id.). The strain, as his counsel argued, was

5

too great and Petitioner decided to move back to the States to join them. (Id.). His counsel argued that upon his return, he ran a computer software business and otherwise prospered in America. (Id. at 8). Counsel introduced Petitioner's two daughters, his sister and his ex-wife in open court and each addressed the Court and provides their reasons why Petitioner's sentence should be reduced, preferably to one involving only probation or time-served. (Id. at 9-13).

Next, Petitioner addressed the Court. (Id. at 15). He renewed his objection to the sixteen-level enhancement, arguing the use of the two drug convictions from the 1980's were too remote in time to support the enhancement. (Id.). The application of the enhancement, in Petitioner's words, was "a quantum leap" and "inherently arbitrary and capricious that seems to give the result that is unreasonable." (Id. at 18-19). Petitioner moved the Court for the application of the eight-level enhancement and he argued that variance from the Guidelines was supported by the record. (Id. at 19-23).

After hearing from the Government, the Court reiterated that the sixteen-level was appropriate because his prior convictions were drug trafficking offenses under the Guidelines. (Id. at 27). The Court noted Petitioner's lack of acceptance of the criminality of his conduct through his repeated, unauthorized entries into the United States after having been deported. (Id. at 27-28). The Court found that Petitioner's allocution expressed a deep disagreement, but more importantly, a profound disrespect for the rule of law in this country. (Id. at 28). The Court denied the motion for a variance and sentenced Petitioner within the advisory range to a term of thirty-six months' imprisonment on Count Two, and a term of thirty-seven months on Count Four to be served concurrently. (Id., Doc. No. 21: Judgment at 2).

F.    Appeal

Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. (Id.,

Doc. No. 23). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious issues for appeal. However, counsel raised the question of whether there was error in the district court's application of the sixteen-level enhancement and whether Petitioner's sentence was otherwise reasonable. In a per curiam opinion, the court rejected each these arguments. First, the court concluded that even if Petitioner's reentry after deportation was initially authorized, Petitioner admitted that reentry in 2008, following his deportation as an aggravated felon, was unauthorized. Second, the court considered the district court's application of the Guidelines and found that the sentence was substantively and procedurally reasonable. United States v. Abusada, 346 F. App'x 939 (4th Cir. 2009).

Petitioner did not file a petition for a writ of certiorari with the Supreme Court. Instead, he timely filed the instant Motion to Vacate alleging numerous claims of ineffective assistance of counsel. (Doc. No. 1).

## II. STANDARD OF REVIEW

### A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### B. Summary Judgment

Summary judgment is appropriate in cases where there is no genuine dispute as to a

material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

**III.  DISCUSSION**

In his § 2255 motion, Petitioner alleges that he was not advised of the immigration consequences of his guilty pleas, raises seventeen numbered claims of ineffective assistance of counsel, and makes one numbered claim that his pre-indictment right to counsel was violated.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297(citing

8

Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). In the context of a plea agreement, a petitioner may show prejudice under Strickland if he can demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    A.    Advice About Immigration Consequences

Petitioner contends that his counsel was deficient under Strickland because he failed to properly advise him of the resulting immigration consequences that would follow his decision to plead guilty to felony charges.[1] (Doc. No. 1: Motion at 5). Petitioner relies on Padilla v. Kentucky, 559 U.S. 356 (2010) (an attorney must, at a minimum, "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences."), and asserts it is retroactively applicable to cases on collateral review. (Doc. No. 1 at 3-5). However, in a case decided after Petitioner filed his § 2255 motion, the Supreme Court determined that Padilla does not apply retroactively to cases on collateral review. See Chaidez v. United States, 133 S. Ct.

---

[1] According to the Bureau of Prisons website, Petitioner was released from custody in 2011. Because Petitioner potentially suffers a legal consequence from the fact of conviction, the Court finds that this claim has not been rendered moot by his release. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (former prisoner must show "concrete and continuing injury" to maintain habeas action following release from confinement).

9

1103, 1106-1113 (2013). Therefore, Petitioner is clearly not entitled to relief on this claim.[2]

      B.      Sixteen-level Enhancement

Several of Petitioner's claims relate to the sixteen-level enhancement under USSG §2L1.2(b)(1)(A)(i) the Court found applicable. (Doc. No. 1 at 9-10: Grounds 1, 2, 4, 14, 15, 17). Because this issue relates to the length of sentence, it has been rendered moot by the defendant's release from custody. Additionally, the record conclusively shows that counsel raised the issue in writing and orally to the Court. Petitioner, himself, argued against the enhancement during the sentencing hearing. Petitioner has not shown how counsel's performance fell below an objective standard of reasonableness. The fact that such arguments were not successful does not entitle Petitioner to relief.

Finally, Petitioner's claim regarding the enhancement was squarely rejected by the Fourth Circuit on appeal. That finding alone precludes relief in this habeas proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that in a § 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" and decided on direct appeal); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted).

---

[2] Additionally, the record shows that Petitioner was informed by the magistrate judge and his counsel that if he pled guilty to the two counts in the Indictment that he would be deported at the end of his sentence. (Case No. 3:08-cr-112, Doc. No. 32: Plea Hr'g Tr. at 22-23). Petitioner then announced his intention "to fight deportation" and entered his guilty pleas. (Id. at 23).

C.   Plea Agreement

Petitioner faults counsel for failing to negotiate a more favorable plea agreement. (Doc. No. 1 Motion at 9: Ground 3).  The desire for a lesser sentence has been rendered moot by Petitioner's release from custody.  Additionally, Petitioner has not shown that the Government, which agreed to dismiss half of the counts and allow Petitioner to dispute guideline enhancements, would have been willing to provide a disposition more to his liking.  Therefore, Petitioner is not entitled to relief on this claim.

D.   Knowing and Voluntary Guilty Plea

Petitioner raises claims that counsel pressured him into pleading guilty "for the sake of his relationship with the 'federal people.'" (Doc. No. 1: Motion at 10: Grounds 6, 9).  Petitioner provided sworn testimony during his plea hearing that no one had pressured him to enter into the plea agreement or to plead guilty; that he understood the charges and potential penalties he faced if convicted; that he was satisfied with the services of his attorney; and that he was pleading guilty because he was in fact guilty on Counts Two and Four.  Thus, Petitioner is not entitled to relief on these claims. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated . . . [which is the] 'quick disposition of baseless collateral attacks.'") (quoting Blackledge v. Allison, 431 U.S. 63, 79 n.19 (1977)).

E.     Performance During Sentencing Hearing

Petitioner criticizes counsel's performance at sentencing for failing to prepare character witnesses, failing to convince the Court to recommend against lodging an immigration detainer, and failing to convince the Court of the reasons why Petitioner committed the offenses. (Doc. No. 1: Motion at 10: Grounds 7, 8 & 12). The record shows that counsel, Petitioner, and character witnesses presented information in mitigation. The fact that the Court did not choose to vary from the advisory guideline range does not establish that counsel's performance fell below an objective standard of reasonableness. Additionally, Petitioner has not shown that the Court had any authority to impact the lodging of an immigration detainer, which apparently was already in place at the time of Petitioner's initial appearance before the magistrate judge. Therefore, Petitioner is clearly not entitled to relief on these claims.

F.     Failure to Raise a Defense

Petitioner claims counsel failed to explore a plea possibility that would have resulted in dismissal of the charges, failed to prepare a "critical defense" that would have resulted in dismissal of the charges, and failed to investigate the facts thoroughly. (Doc. No. 1: Motion at 10-11: Grounds 5, 11, 16). The only defense suggested by Petitioner would have been to attack the validity of his prior convictions on Padilla and staleness grounds. (Id. at 5). However, such relief was not legally available in the pending criminal case and Petitioner admitted his factual guilt of the offenses charged. Therefore, Petitioner is clearly not entitled to relief on these claims.

G.  Pre-indictment Right to Counsel

Next, Petitioner claims he was denied pre-indictment right to counsel. He does not identify the stage at which he was denied counsel. The record establishes that he appeared before a magistrate judge with counsel after being arrested on the charges in this case and was continuously represented through direct appeal. Therefore, Petitioner is clearly not entitled to relief on this claim.

H.  Conclusory Allegations

Finally, Petitioner claims that age and cultural differences with counsel made the relationship difficult and that counsel failed to exercise professional judgment on his behalf. These conclusory allegations fail to establish constitutionally ineffective assistance of counsel. Additionally, Petitioner stated at the plea hearing that he was satisfied with the services of counsel. Therefore, these claims are without merit.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the record conclusively shows that Petitioner is not entitled to relief on any of the claims in his § 2255 motion.

**IT IS, THEREFORE, ORDERED** that:

1. the Government's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**; and

2. Petitioner's Motion to Vacate, (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: September 30, 2013

Robert J. Conrad, Jr.
United States District Judge